**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CR-0003-001-CVE |
| | ) | (14-CV-0176-CVE-PJC) |
| BRANDON ROYCE TAYLOR, | ) | |
| a/k/a Bran Bran, | ) | |
| a/k/a Larry Thomas, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On April 11, 2014, defendant Brandon Royce Taylor, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 76). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." The government has filed a motion to dismiss (Dkt. # 82) asking the Court to dismiss defendant's claims pursuant to an appellate and post-conviction waiver contained in defendant's plea agreement (Dkt. # 52).

**I.**

On January 11, 2013, a grand jury returned an indictment (Dkt. # 2) charging Brandon Royce Taylor and Thamous Eugene Taylor with conspiracy to distribute and possess with intent to distribute marijuana (count two). Brandon Royce Taylor was also charged with conspiracy to distribute and possess with intent to distribute cocaine base (crack) (count one), possession of cocaine base (crack) with intent to distribute (count three), possession of cocaine with intent to

distribute (count four), possession of methamphetamine with intent to distribute (count five), possession of marijuana with intent to distribute (count six), possession of a firearm in furtherance of a drug trafficking crime (count seven), maintaining a premises for the purpose of distributing a controlled substance (count eight), two counts of money laundering (counts nine and ten), possession of a firearm after former felony conviction (count eleven), and possession of an unregistered Street Sweeper shotgun[1] (count twelve). Defendant made his initial appearance on January 30, 2013, and William Lunn was appointed to represent defendant. Dkt. # 13.

Lunn filed a motion to suppress evidence (Dkt. # 34) and a motion to dismiss counts seven and twelve of the indictment (Dkt. # 33). Lunn argued that Congress improperly delegated legislative authority to the executive branch when it enacted 26 U.S.C. § 5845(f), because the statute failed to provide sufficient guidance as to the types of weapons that could be classified as a "destructive device." Dkt. # 33. He also argued that the search warrants issued to seize evidence from two residences were invalid, because the affidavits submitted in support of the warrants did not state sufficient facts from which a reasonable magistrate could have found probable cause to issue the search warrants. Dkt. # 34. The Court denied both motions. Dkt. # 41.

Defendant requested to change his plea to guilty on counts four, eight, nine, and twelve pursuant to a plea agreement, and a change of plea hearing was set for June 3, 2013. In the plea agreement, the parties agreed that defendant would receive a 15 year sentence and the plea

---

[1] A Street Sweeper is a 12 guage shotgun "with a folding stock, double hand grips, and a 12-shell drum that rotates rapidly enough for 12 shots to be fired in less than 3 seconds." Dkt. # 41, at 8. The government sought to enhance defendant's sentence for count seven on the theory that the Street Sweeper constituted a "destructive device," and he would have been subject to a statutory mandatory minimum sentence of 30 years if convicted of possessing a destructive device.

agreement fell under Fed. R. Crim. P. 11(c)(1)(C). Dkt. # 52. The government also agreed not to file an enhancement information under 21 U.S.C. § 851. The plea agreement contained a waiver of appellate rights in which defendant knowingly and voluntarily waived the following appellete and post-conviction rights:

a. The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C.§ 3742(a);

b. The defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

c. The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005);

d. The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver; and

e. The defendant waives the right to have the sentence modified pursuant to 18 U.S.C § 3582(c), except for a rule 35(b) motion filed by the Government . . . .

Dkt. # 52, at 3-4.

Defendant appeared at the change of plea hearing and he was represented by Lunn at the hearing. Counsel for the government summarized the key terms of the plea agreement, including the waiver of appellate and post-conviction rights, and he advised the Court that the plea agreement was made pursuant to Rule 11(c)(1)(C). Dkt. # 81, at 3. Lunn represented that this was the best plea offer made by the government, and he acknowledged that the plea was "valid" as to the counts to which defendant was pleading guilty. Id. at 5. Defendant stated that he was fully satisfied with the representation and advice of his attorney, and he understood that he was changing his plea pursuant

to a written plea agreement. Id. at 7. The Court reviewed the appellate and post-conviction waiver with the defendant:

> THE COURT: Do you understand that by entering into your plea agreement and entering pleas of guilty, you are waiving or giving up certain appellate and post-conviction rights?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And that waiver is contained in paragraph 3 of your plea agreement, and I have an obligation to review that with you on the record.
>
> Do you understand that in consideration of the promises and concessions made by the United States in your written plea agreement, you are knowingly and voluntarily agreeing to waive the right to directly appeal your conviction and sentence pursuant to 28, U.S.C., Section 1291 and/or 18, U.S.C., Section 3742(a), except that you reserve the right to appeal from a sentence which exceeds the statutory maximum?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand that you are expressly acknowledging and agreeing that the United States reserves all rights to appeal your sentence as set forth in 18, U.S.C., Section 3742(b) and the case of *United States v. Booker*?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand that you are knowingly and voluntarily agreeing to waive the right to collaterally attack your conviction and sentence pursuant to 28, U.S.C., Section 2255, except for claims based on ineffective assistance of counsel which challenge the validity of your guilty pleas or your waiver of appellate and post-conviction rights contained in the plea agreement?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand that you are knowingly and voluntarily agreeing to waive the right to have your sentence modified pursuant to 18, U.S.C., Section 3582(c), except for a Rule 35(b) motion filed by the government?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand that you are expressly acknowledging that Mr. Lunn has explained your appellate and post-conviction rights, that you understand

> those rights, and that you are knowingly and voluntarily waiving those rights as set forth in the written plea agreement?
>
> THE DEFENDANT: Yes, ma'am.

Id. at 16-17. Defendant did not reserve his right to appeal the denial of his motion to suppress and the plea was not a conditional plea of guilty under Fed. R. Crim. P. 11(a)(2). Defendant presented the Court with a petition to enter plea of guilty (Dkt. # 53), and he specifically acknowledged that he could not appeal a ruling on a pretrial motion without entering a conditional plea with the approval of the government and the Court. Id. at 3. Defendant also admitted to the following facts in his petition:

> I, Brandon Royce Taylor, admit that on or about January 31, 2009, in the Northern District of Oklahoma, I knowingly possessed with intent to distribute approximately 41.49 grams of a mixture or substance containing a detectable amount of cocaine. Cocaine is a Schedule II controlled substance.
>
> I admit that from in or about 2006, and continuing through on or about January 31, 2009, I knowingly and intentionally maintained a place located at 5647 North Elgin Place in Tulsa, Oklahoma, for the purpose of storing and distributing marijuana, cocaine, cocaine base, and methamphetamine, Schedule I and II controlled substances. I knew the place was used for such a purpose.
>
> I admit that on of [sic] about February 5, 2008, in the Northern District of Oklahoma, I paid $13,000 cash towards the purchase of the property located at 5647 North Elgin Place in Tulsa, Oklahoma. The property was used to store and distribute drugs. The $13,000 cash was proceeds from the distributions of cocaine and marijuana. I intended to use the property as a place to store and distribute marijuana and cocaine when I purchased it, and the $13,000 transaction was conducted with intent to promote the illegal activity.
>
> I admit that on or about January 31, 2009, in the Northern District of Oklahoma, I knowingly possessed the S/S (Street Sweeper Sales of GA), Model S/S, 12 gauge, Shotgun, serial number SH15413, which was not registered to me in the National Firearms Registration and Transfer Record. I knew this firearm had a bore of more than one-half inch in diameter, and was in operating condition. The firearm was registrable under the NFRTR.

Id. at 2. The Court accepted defendant's pleas of guilty as to counts four, eight, nine, and twelve, and his sentencing hearing was set for September 4, 2013.

Defense counsel filed a sentencing memorandum (Dkt. # 54) asking the Court to impose the sentence of 15 years agreed to by the parties. Lunn filed a supplemental sentencing memorandum stating that he had explained to defendant that appealing his conviction or sentence could jeopardize the plea agreement, and he had advised defendant that the government could move to dismiss any appeal based on the appellate waiver in the plea agreement. Dkt. # 68. Lunn advised the Court that defendant did not wish to appeal. Id. Defendant was sentenced on September 4, 2013, and he was represented by Lunn at the sentencing hearing.[2] Dkt. # 69. At the sentencing hearing, the Court reviewed with the parties a letter (Dkt. # 64) from defendant in which he claimed that he was innocent of the charges to which he pled guilty, and he claimed that the government withheld favorable evidence. Defendant clarified that he was not seeking to withdraw his plea, but he did ask the Court to impose a sentence below 15 years. Defendant claimed that his attorney promised that defendant would receive a five year sentence if he accepted the plea agreement, even though defendant acknowledged that the Court fully reviewed the plea agreement with defendant at the change of plea hearing. Counsel for the government also represented that it originally sought a 20 year sentence during plea negotiations and it agreed to come down to 15 years due to the efforts of Lunn. The Court stated on the record that it had previously accepted the Rule 11(c)(1)(C) plea agreement and that defendant would receive a sentence of 15 years, or 180 months. The Court

---

[2] No transcript of the sentencing hearing has been prepared, but the Court has reviewed an audiorecording of the sentencing hearing.

advised defendant that he could file an appeal, subject to his waiver of appellate and post-conviction rights, and he was required to file an appeal within 14 days of entry of judgment.

Defendant filed a § 2255 motion (Dkt. # 76), and he appears to be asking for the Court to vacate his convictions and to allow him to withdraw his guilty pleas. Dkt. # 76, at 28-29. The Court ordered the government to file a response to the § 2255 motion. In lieu of a response, the government filed a motion to dismiss (Dkt. # 82) defendant's § 2255 motion based on the waiver of appellate and post-conviction rights contained in defendant's plea agreement. Defendant has filed a reply (Dkt. # 83) arguing that he did not voluntarily waive his appellate and post-conviction rights, and he aks the Court to reach the merits of his claims.

## II.

Defendant has filed a § 2255 motion clearly stating two "propositions" for relief. First, defendant argues that his attorney provided ineffective assistance of counsel by failing to fully investigate the reliability of the reliable confidential informant (RCI) mentioned in the search warrant affidavits and the credibility of the police officers who searched two residences. Dkt. # 76, at 5-11. Second, defendant directly argues that the search of the two residences violated his rights under the Fourth Amendment, and this claim is not based on any alleged ineffective assistance of counsel. Id. at 12. Construing defendant's pro se motion broadly, he could also be asserting a claim that defense counsel was ineffective for failing to file a direct appeal of the denial of defendant's motion to suppress. Id. at 4-5. Defendant's reply (Dkt. # 83) expands on his somewhat vaguely asserted claim that he wanted defense counsel to file a direct appeal from the denial of his motion to suppress. He claims that he would have objected to the supplemental sentencing memorandum (Dkt. # 68) in which defense counsel stated that defendant did not intend to file a direct appeal

because this could jeopardize his plea agreement and defendant was aware that the plea agreement contained a waiver of appellate rights. Dkt. # 83, at 1-2. Defendant could also be arguing that defense counsel failed to advise him that the plea agreement contained a waiver of appellate rights. Id. at 3.

The government argues that defendant's plea agreement contains a waiver of certain post-conviction rights and that all of defendant's claims fall within the scope of the waiver. The Tenth Circuit has established a three-part test to determine if an appellate and post-conviction waiver is enforceable:

> (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . .

United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004). In determining the scope of an appellate or post-conviction waiver, a court must strictly construe the waiver in favor of the defendant and evaluate the scope of the waiver "in light of the defendant's reasonable understanding at the time of the guilty plea." United States v. Novosel, 481 F.3d 1288, 1291 n.1 (10th Cir. 2007). Challenges to the voluntariness of a guilty plea generally do not fall within the scope of a waiver. United States v. Weeks, 653 F.3d 1188, 1197 n.4 (10th Cir. 2011). Hahn requires the consideration of two factors in considering whether a defendant knowingly and voluntarily agreed to an appellate and post-conviction waiver. First, the court "examine[s] whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily." Hahn, 359 F.3d at 1325. Second, the guilty plea must be the result of an adequate colloquy under Fed. R. Crim. P. 11. Id. A miscarriage of justice may result "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the

waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful. Id. at 1327 (quoting United States v. Elliot, 264 F.3d 1171, 1173 (10th Cir. 2001)). A defendant may not avoid enforcement of a waiver under the "otherwise unlawful" exception based on alleged errors in the calculation of his sentence, because this exception is focused on the fairness of the proceedings, rather than result of the proceedings. United States v. Smith, 500 F.3d 1206, 1213 (10th Cir. 2007). A miscarriage of justice does not occur when a defendant receives a sentence higher than he expected if that sentence does not exceed the statutory maximum. United States v. Green, 405 F.3d 1180, 1194 (10th Cir. 2005) (courts should consider the statutory maximum, not the defendant's anticipated sentence under the United States Sentencing Guidelines, to determine if a miscarriage of justice has occurred). The defendant bears the burden to show that a miscarriage of justice has occurred. United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir. 2005).

The Court must initially determine if defendant's claims fall within the scope of his waiver of post-conviction rights. The Tenth Circuit has found that a claim alleging ineffective assistance of counsel based on defense counsel's failure to file a notice of appeal does not challenge the validity of a defendant's guilty plea or appellate and post-conviction waiver, and such a claim can be waived by a criminal defendant. United States v. Mooneyham, 580 F. App'x 657, 659 (10th Cir. Sep. 12, 2014); United States v. Viera, 674 F.3d 1214, 1217 (10th Cir. 2012); United States v. Falcon-Sanchez, 416 F. App'x 728, 730 (10th Cir. Mar. 22, 2011). The Court has found that defendant could be attempting to assert a claim that defense counsel failed to file a notice of appeal, but such a claim falls within the scope of defendant's waiver of post-conviction rights. Defendant's claim directly arguing that his Fourth Amendment rights were violated (Proposition II) is clearly

barred, because this claim is not based on ineffective assistance of counsel and it does not challenge the validity of defendant's guilty plea or the appellate and post-conviction waiver. Defendant argues in Proposition I that his attorney failed to conduct an adequate investigation into possible bases for the suppression of evidence, because defense counsel failed to investigate the reliability and existence of the RCI who provided information to the police officer completing the affidavits for search warrant. Dkt. # 76, at 4-11. Construing defendant's pro se pleadings broadly, he could be arguing that he would not have pled guilty but for the alleged ineffective assistance of counsel. However, defense counsel filed a motion to suppress evidence, and defense counsel argued that the police officer who prepared the search warrant affidavits failed to corroborate the information provided by the RCI. Dkt. # 34, at 8-9. Defendant is seeking to relitigate matters that were decided by the Court when it ruled on his motion to suppress, and he was fully aware of any alleged concerns about the existence or veracity of the RCI before he changed his plea. Proposition I of defendant's § 2255 motion does not challenge the validity of his guilty plea and he simply seeks to religate suppression issues, and this claim falls within the scope of the post-conviction waiver in the plea agreement. The Court can discern no other claims in defendant's § 2255 motion, and the Court finds that all of defendant's claims fall within the scope of his post-conviction waiver.

The Court must consider whether defendant knowingly and voluntarily waived his post-conviction rights. Defendant argues that his plea of guilty and the waiver of appellate and post-conviction rights were involuntary due to defense counsel's failure "to specifically advise the Petitioner of his right to appeal the suppression motion." Dkt. # 83, at 2. At the change of plea hearing, the Court reviewed the appellate and post-conviction waiver with defendant in detail, and he stated that he understood the rights he was giving up by changing his plea pursuant to a plea

agreement. Dkt. # 81, at 16-17. Defendant also signed a petition to enter plea of guilty acknowledging that he could appeal the denial of his motion to suppress only if he entered a conditional plea that was approved by the government and the Court. Dkt. # 53, at 3. Defendant was fully advised of the appellate and post-conviction rights that he was giving up by accepting the government's plea offer, and he received a substantial benefit when the government agreed to dismiss certain counts that would carried greater maximum sentences. This could have included a statutory mandatory minimum sentence of 30 years as to count seven that would have run consecutively to any other sentence imposed.[3] The Court finds that defendant's waiver of appellate and post-conviction rights was knowing and voluntary.

Finally, the Court must determine if enforcing the post-conviction waiver would result in a miscarriage of justice. Defendant argues that he received ineffective assistance in connection with the negotiation of the waiver and that it would be a miscarriage of justice to enforce the waiver. Dkt. # 83, at 4. However, he offers no specific assertions in support of this argument and the Court has already determined that defendant knowingly and voluntarily waived his appellate and post-conviction rights. Defendant claims that he was dissatisfied with the representation provided by Lunn, but this does not mean that Lunn provided ineffective assistance of counsel. The Court does not find that defendant's general allegation of ineffective assistance of counsel is sufficient to establish a miscarriage of justice, and the record is clear that defendant was given a full opportunity to litigate his Fourth Amendment claims before he voluntarily chose to change his plea. Defendant

---

[3] Under 18 U.S.C. § 924(c)(1)(B)(ii), a person convicted for possession of a machine gun or destructive device during and in relation to a drug trafficking crime faces a 30 year statutory mandatory minimum sentence, and this sentence may not run concurrently with any sentence imposed for the underlying drug trafficking offense.

received the sentence he bargained for in exchange for consideration, including the waiver of his appellate and post-conviction rights, and there is no injustice that will result from enforcing the post-conviction waiver.

**IT IS THEREFORE ORDERED** that the government's Motion to Dismiss Defendant's Motion under 28 § 2255 (Dkt. # 82) is **granted**, and defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. 2255 (Dkt. # 76) is **dismissed** pursuant to defendant's waiver of appellate and post-conviction rights. A separate judgment is entered herewith.

**DATED** this 2nd day of November, 2015.

*[Signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE