# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 13-CR-003-001-CVE |
| BRANDON ROYCE TAYLOR, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant's Renewed Motion for Sentence Reduction (Dkt. # 113). Defendant argues that he is eligible for a sentencing reduction under Amendment 782 to the United States Sentencing Guidelines (USSG), even though he had a plea agreement under Fed. R. Crim. P. 11(c)(1)(C). Based on Hughes v. United States, 138 S. Ct. 1765 (2018), defendant argues that he is now eligible for a sentencing reduction under Amendment 782, because the Supreme Court has found that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is a guideline sentence for the purpose of 18 U.S.C. § 3582(c)(2).

On January 11, 2013, a grand jury returned an indictment (Dkt. # 2) charging Brandon Royce Taylor and Thamous Eugene Taylor with conspiracy to distribute and possess with intent to distribute marijuana (count two). Brandon Royce Taylor was also charged with conspiracy to distribute and possess with intent to distribute cocaine base (crack) (count one), possession of cocaine base (crack) with intent to distribute (count three), possession of cocaine with intent to distribute (count four), possession of methamphetamine with intent to distribute (count five), possession of marijuana with intent to distribute (count six), possession of a firearm in furtherance of a drug trafficking crime (count seven), maintaining a premises for the purpose of distributing a

controlled substance (count eight), two counts of money laundering (counts nine and ten), possession of a firearm after former felony conviction (count eleven), and possession of an unregistered Street Sweeper shotgun (count twelve). Pursuant to a Rule 11(c)(1)(C) plea agreement, defendant pled guilty to counts four, eight, nine, and twelve of the indictment, and the parties agreed that defendant would receive a sentence of 180 months if the Court accepted the plea agreement. See Dkt. # 52. Defendant's plea agreement contained a waiver of certain appellate and post-conviction rights, including a waiver of his right to file a motion for sentence reduction under § 3582(c).[1] Id. at 4.

A sentencing hearing was held on September 4, 2013. The United States Probation Office prepared a presentence investigation report (PSR), and the PSR assumed that the Court would impose the agreed-upon sentence of 180 months. However, the PSR states that defendant's total offense level would have been 35 and he was a career offender with a criminal history of VI, and his advisory guideline range would have been 292 to 365 months. Based on the drug quantities stated in paragraph 19 of the PSR, defendant's base offense level would have been calculated using the quantity of 2,500.11 grams of marijuana and his base offense level would have been 32. It appears that the total offense level of 35 was reached after applying six levels of upward enhancements and subtracting three levels for acceptance of responsibility. The guideline calculations in the PSR were based on the 2013 sentencing guidelines.

At the sentencing hearing, the Court accepted the plea agreement and defendant received a sentence of 180 months. Dkt. # 69. Defendant filed a motion to vacate, set aside, or correct

---

[1] The Court notes that the plea agreement contains a waiver of defendant's right to seek relief under § 3582(c)(2). However, plaintiff has not asked the Court to enforce the waiver, and it is generally impermissible for the Court to sua sponte enforce such a waiver. See United States v. Leonard, 2009 WL 499357 (N.D. Okla. Feb. 27, 2009).

sentence under 28 U.S.C. § 2255 (Dkt. # 76), and plaintiff moved to dismiss defendant's § 2255 motion pursuant to a post-conviction waiver in the plea agreement. The Court found that the waiver was enforceable and defendant's claims fell within the scope of the waiver, and the Court granted plaintiff's motion to dismiss defendant's § 2255 motion. Dkt. # 100. The Tenth Circuit denied defendant's request for a certificate of appealability. Dkt. # 109. Defendant also filed a motion for a sentencing reduction under § 3582(c)(2), and he argued that he was eligible for a reduction under Amendment 782 to the USSG. Dkt. # 92. Amendment 782 reduced the base offense level for certain drug offenses. United States v. Womack, 833 F.3d 1237, 1238 (10th Cir. 2016). The Court found that defendant was not eligible for a sentencing reduction, because he pled guilty with a plea agreement under Rule 11(c)(1)(C) and the Court did not expressly use a guideline sentencing range. Dkt. # 95.

Defendant has filed a renewed motion for sentencing reduction under § 3582(c)(2). Dkt. # 113. Defendant cites Hughes, in which the Supreme Court determined that a sentence imposed based on a Rule 11(c)(1)(C) plea agreement is a guideline sentence, and a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement can seek a sentencing reduction under § 3582(c). Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment" after considering the 18 U.S.C. § 3553(a) factors and if the Court finds that such a reduction is consistent the applicable policy statement issued by the Sentencing Commission. Amendment 782 has been made retroactive by the Sentencing Commission, and

3

defendant may be eligible for a sentencing reduction if he can show that Amendment 782 has the effect of lowering his guideline range. USSG § 1B1.10.

The Court has consulted the United States Probation Office to obtain a guideline calculation under the 2018 guideline manual, and the Court finds that Amendment 782 does not have the effect of lowering defendant's sentence. Based on a drug quantity of 2,500.11 kilograms of marijuana, defendant's base offense level would be reduced from 32 to 30 if the 2018 guideline manual is used to calculate defendant's sentence. However, defendant is eligible for a two level enhancement for possession of a dangerous weapon, a two level enhancement for maintaining a premises for distributing a controlled substance, and a four level enhancement for being a leader or organizer.[2] Defendant would have a total offense level of 35 after three levels are subtracted for acceptance of responsibility and, applying a criminal history category of VI, defendant would still have an advisory guideline range of 292 to 365 months. Defendant received a sentence of 180 months, which is well below the advisory guideline range. Even though Amendment 782 lowered the base offense level, the amendment did not actually result in a guideline range below the sentence agreed to by the parties in the plea agreement. In Hughes, the defendant pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement and was sentenced to 180 months, and his guideline range at the time of the sentence was 188 to 235 months. Hughes, 138 S. Ct. 1774. Amendment 782 reduced the guideline range for the defendant's offense to 151 to 188 months, and it was possible that the district court could have reduced the defendant's sentence based on Amendment 782. Id. In this case, the

---

[2] It appears that one of these enhancements may have been omitted when the advisory guideline range was calculated in the PSR, because the advisory guideline range of 35 stated in the PSR is based on a six level upward enhancement from the base offense level of 32. This potential error in the PSR had no effect on the sentence imposed at the sentencing hearing or the Court's ruling on this motion.

advisory guideline range substantially exceeds the sentence imposed pursuant to the Rule 11(c)(1)(C) plea agreement, and defendant is not eligible for a sentencing reduction under § 3582(c). The Court notes that it would not use its discretionary authority to reduce defendant's sentence, even if defendant could show that Amendment 782 had the effect of lowering the advisory guideline range. See <u>Dillon v. United States</u>, 560 U.S. 817 (2010) (explaining process that a district court should follow when exercising its discretionary authority under § 3582(c)(2)). The Court takes into account the seriousness of the crimes committed by defendant and the substantial benefit he received under the Rule 11(c)(1)(C) plea agreement. The § 3553(a) factors would not support a reduction of defendant's sentence below 180 months. Defendant's motion (Dkt. # 113) for a sentencing reduction should be denied.

**IT IS THEREFORE ORDERED** that defendant's Renewed Motion for Sentence Reduction (Dkt. # 113) is **denied**.

**DATED** this 10th day of August, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE